FREDERICK EAGLE, defendant below, appellant, v. WIL-
LIAM SMITH, plaintiff below, respondent.

In an action for a reward offered for the return of lost goods, by a party
who has performed the prescribed condition of it, by finding and
returning them to the owner, he will be entitled to recover it although
he did not know at the time he returned them, that any reward had been
offered for them.

PRONARR in assumpsit on appeal from a justice of
the peace. It was for a reward of fifty dollars offered by
the defendant below for the recovery of a horse, wagon,
harness and buffalo robe lost by him, and believed to have
been stolen from his stable and premises, at a late hour of
the night of the 6th of January 1871. Between 12 and 1
o'clock the following morning they were found in the
public road near the residence of the plaintiff by a son of
his, the horse appearing to have been driven very hard,
who took them into his father's premises, unhitched
him from the carriage and after currying him well,
put him in the stable and fed him. But neither he
nor his father knew the horse or carriage, or to whom
they belonged. During the morning the defendant below
prepared a written advertisement of the loss, offering
the above reward to any one who would restore the prop-
erty to him, or give any information of where they could
be found, and took it to the office of the Delaware Repub-
lican for publication, but as it was too late to be inserted
in the paper of that day, it was left for publication in the
next paper on the 9th inst. About seven o'clock in the
afternoon of the 7th inst. the plaintiff having learnt to whom
the property belonged, and that he was then in New Cas-
tle making inquiries concerning it, drove the horse and
carriage into town and delivered them to him, and when
asked by the latter what he should pay him for his trouble,
replied that he asked nothing for his trouble or attentions
in the matter, but he might, if he felt so inclined, make

his son a present, as he had found them and had taken all the care and trouble of attending to them. The advertisement appeared in the paper on the 9th inst., which was the first knowledge the plaintiff or his son had that the defendant had designed to offer any reward for the recovery of the property.

*Gray*, for the defendant below. The property was found on the night of the 6th, or the morning of the 7th of January last, and was returned by the plaintiff to the defendant, the owner, during the afternoon of that day, and two days before the reward was published, and before the plaintiff had any knowledge of it, or that the defendant ever intended to offer any. Of course, the reward afterward offered and published could have furnished no motive or inducement for the plaintiff, or his son to take care of it and return it to the defendant, and there could, under such circumstances, be no contract, either express or implied, to pay the reward, or any other amount to the plaintiff for it. And that was only strengthened and confirmed by the admission and declaration of the plaintiff when he returned the property, and was asked by the defendant what he should pay him for his trouble, that he asked and expected nothing for it, but that he might make his son some small present for it, if he saw proper to do so. All of which absolutely negatived any idea of any contract, or any legal liability on the part of the defendant to pay him the reward, or any thing else for it. *Simpson v. Warren*, 5 *Harr*. 371.

*J. W. Rodney*, for the plaintiff below. The property was not returned until late in the evening of the 7th of January, and the advertisement was put in the hands of the printers for publication about noon the same day. But it was not necessary that the plaintiff should have seen, or even known of, the reward offered before he returned the property, to entitle him to recover in the action, because it was immaterial whether he was induced by it or

not, to return it. The advertisement and reward had before that time. been determined upon by the defendant, and had gone forth, and was then in the hands of the printers of the newspaper, and its publication was only delayed by their necessities and not by him; and in that form even, it contained a general promise to give fifty dollars to any one who would return the lost property, or give any information by which it could be recovered. And it was not necessary that any one who did that, should have been prompted or induced by the reward to do it, to entitle him to recover it; and it was so held by all the Judges in the case of *Williams v. Carwardine*, 24 *E. C. L. R.* 126.

*Gray*, replied.

*The Court, Houston J.*, charged the jury. According to the ruling and the view taken of the matter by the Judges in the case cited from 24 *E. C. L. R.*, such an offer is not to be regarded so much as a matter of definite or special agreement or contract concluded between two parties, but as a general promise made to no one in particular, but to any one, on a precedent condition to be performed by the party claiming the reward, and that simply was to return the lost property, or give information that would enable the defendant to recover it. And taking this view of it, we concur in the opinion entertained by the court in that case, (for it clearly appeared in that case that the party claiming the reward was not induced by it to give the information for which it was offered) that it was not necessary that the plaintiff in this case should have been prompted or induced by the reward at all, to do what he did to entitle him to recover it, if he performed either of the alternative conditions prescribed in it. And if it was not necessary that he should have been induced in consideration of it to do what he did, on a parity of reasoning we cannot perceive that there was any more necessity that he should have even known that it had been offered before he did it. It has never been required in

such cases for the claimant to show that he performed the service in consideration of the reward offered, and we are not required to presume in any such case, that the claimant had previously seen the reward advertised and had assented to the terms proposed in it, before performing the services invited and requested of any and every one able to render it, in order to constitute a specific contract by implication between the particular parties to the suit for that purpose. On the contrary, until the prescribed condition of the reward is performed, it is but the general promise of one party alone, and the sum offered is but a boon, gratuity or bounty generally offered in a spirit of liberality, and not as a mere price, or a just equivalent simply for the favor or service requested, to be agreed and assented to by the person afterward performing it, but when performed by him, as justly any legally entitling him to a fulfillment of the promise, without and regard whatever to the motive or inducement which prompted him to perform it.

The fact proved that the plaintiff when asked by the defendant on the return of the property, what he asked for his trouble and attention on the occasion, replied that he asked nothing, we think is sufficiently met and accounted for by the simultaneous fact also proved that the defendant said nothing to him about what he had concluded before that in his own mind to offer for the recovery of it, and did not inform him that he had already issued an advertisement of a reward of fifty dollars for the return of it, for publication. Had the plaintiff been informed of that fact, it was but reasonable to presume from what has since occurred, that his reply on that occasion would have been quite different. We, therefore, consider under all the facts proved, and about which there is no dispute, that the plaintiff is entitled to recover, and the verdict of the jury should be in his favor.